IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:04-330-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Shawn Sadler, ) | |
| a/k/a "Tangulifu M. Barber," ) | |
| a/k/a "Carlos Watts," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion and supplemental motion for return of property. ECF Nos. 596 & 607. The Government has responded in opposition, moving for summary judgment and sanctions. Defendant has replied to the Government's opposition. On January 15, 2015, Defendant filed a motion to supplement. ECF No. 633. For the reasons noted below, Defendant's motions are denied, the Government's motions are granted, and this matter is dismissed.

### BACKGROUND

Defendant was indicted in this District on June 1, 2004, for his role in a drug distribution conspiracy. *See* Superseding Indictment, ECF No. 39. As is relevant to Defendant's current motions, the superseding indictment contained two types of forfeiture allegations: general "proceeds traceable" forfeiture allegations, asserted against all defendants; and allegations relating to several specific items (specific amounts of currency, two firearms, and three vehicles) (the "Subject Property") seized by the Government during the execution of three search warrants in 2002 and 2004. *See* ECF No. 39 at 9-12. None of the Subject Property belonged to Defendant.

1

The superseding indictment was superseded four additional times, with the Fifth Superseding Indictment returned July 3, 2007. The Fifth Superseding Indictment did not contain forfeiture allegations. Defendant was a fugitive from the time he was originally indicted until his arrest on August 1, 2007.

On November 6, 2007, Defendant was convicted by a jury of involvement in a conspiracy to distribute 5 or more kilograms of cocaine. On July 18, 2008, Defendant was sentenced to 240 months' imprisonment.[1] On July 31, 2009, this court dismissed the forfeiture provisions relating to Defendant ("proceeds taceable") contained in the superseding indictments. Forfeiture allegations relating to the Subject Property were dismissed on March 3, 2005, and March 24, 2005 (co-defendants' sentencing dates).

**CURRENT MOTIONS**

On May 27, 2014, Defendant filed a "Motion for Return of Property or, in the Alternative, a Hearing Under the Civil Asset Forfeiture Reform Act of 2010." ECF No. 596. In this motion, Defendant indicates that "[a]s noted in this *Claim*, the United States Department of Justice (Drug Enforcement Agency (DEA)) has submitted an incomplete or partial Notice to the seized currency funds of $4,919.00." Mot. at 2 (emphasis added). Defendant indicates that "the *Claimant* is making *claim* to the funds of $4,919.00, as well as the envelope that contained the currency." *Id*. at 3 (emphasis added).

In the Supplement filed June 16, 2014, Defendant sought, as "*Claimant*," (emphasis added) "to supplement his previously filed Motion for Return of Property with additional *claims*." Mot. at

---

[1]Defendant thereafter filed a timely Notice of Appeal. On September 9, 2009, the Fourth Circuit Court of Appeals affirmed Defendant's conviction via unpublished per curiam opinion. *See United States v. Sadler*, 344 F. App'x 861 (4th Cir. 2009). Defendant did not file a petition for writ of certiorari to the United States Supreme Court.

1, ECF No. 607 (emphasis added). Defendant then listed a variety of items, including cash, firearms, and vehicles, under a heading titled "Supplemental Claims." *Id*. at 2.

On July 2, 2014, the Government moved to require Defendant "to comply with the Prisoner Litigation Reform Act by paying the civil filing fee." Mot. at 1, ECF No. 615. The Government argues that in a closed criminal matter, a motion for return of property under Rule 41(g) is considered a separate civil action to which filing fee provisions apply. *See* Mot. at 1-2 (quoting *United States v. Minor*, 228 F.3d 352, 355 (4th Cir. 2000)). On July 15, 2014, the Government separately moved for summary judgment and sanctions. ECF No. 621. The Government argues for dismissal, *inter alia*, because Defendant has failed to comply with Fourth Circuit precedent requiring either the payment of a filing fee or moving to proceed *in forma pauperis* (*ifp*) (as filing a separate civil action requires the payment of a filing fee or an *ifp* motion); because Defendant has not asserted any ownership interest in the properties listed in his motions and therefore has no standing to bring the motions; and because the statute of limitations set forth in 18 U.S.C. § 983(e)(3) has expired, thereby precluding Defendant's "claims." *See* Resp. to Dft's Mot. at 4-5, ECF No. 620.[2]

### STANDARD

When the United States seizes property it believes constitutes or is derived from proceeds of criminal activity, that property may be subject to forfeiture under several statutory schemes and by a variety of legal mechanisms. Among them is the Civil Asset Forfeiture Reform Act ("CAFRA"), codified at 18 U.S.C. § 981 *et seq.*, which authorizes and regulates both administrative and civil forfeitures. 18 U.S.C. §§ 981, 983. If the United States seeks administrative forfeiture,

---

[2]On July 31, 2014, Defendant submitted a document titled "Claimant's Compliance with the Prisoner Litigation Reform Act to Proceed In Forma Pauperis in this Civil Action." ECF No. 628. This document attaches a printout from what appears to be Defendant's inmate account. *See* ECF No. 628-1.

3

which is a non-judicial proceeding, CAFRA requires it to send notice to any interested parties within sixty (60) days of the seizure of forfeitable property, or ninety days if the property was turned over by State or local law enforcement. 18 U.S.C. § 983(a)(1)(A). That notice requirement allows a party to file a claim with the administrative agency demanding judicial resolution of the forfeiture instead. 18 U.S.C. § 983(a)(2)(A). If such a claim is filed, the United States must file a judicial action to proceed with judicial forfeiture. 18 U.S.C. § 983(a)(3).

As is relevant to this matter, the United States may, pursuant to summary procedures set forth in 19 U.S.C. §§ 1602-19, without resort to judicial proceedings, issue a declaration of forfeiture for property worth less than $500,000 that is otherwise subject to criminal forfeiture. *See* 21 U.S.C. § 881(d) (providing that summary forfeitures under drug laws will be governed by provisions of law applicable to such forfeitures under customs laws).

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Where, as here, Defendant "invokes Fed.R.Crim.P. 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). While a criminal defendant may move for return of property seized in his criminal case, "[i]t seems unlikely that Rule 41(e) provides a remedy when the challenge comes years after the completion of the forfeiture." *Minor*, 228 F.3d 358 n.3. Additionally, Defendant makes no argument or showing that the search or seizure of the property was unlawful.

### DISCUSSION

Defendant's motions fail for a variety of reasons. First, even assuming the absence of other problems, Defendant's "claims" do not "state the claimant's interest in [the] property; and [are not]

4

made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(c)(C)(ii)-(iii). Defendant makes absolutely no showing of his "interest" in the listed properties. This is also true for the items asserted in Defendant's "Motion to File Second Supplement for Return of Property," filed January 15, 2015. ECF No. 633. Accordingly, Defendant's motion is denied.

Additionally, Defendant's "claims" are not timely made, as they have been made well beyond the time period provided for in 18 U.S.C. § 983. *See* 18 U.S.C. § 983(a)(2)(B) (a claim for property is to be "filed not later than 30 days after the date of final publication of notice of seizure.").

Finally, the currency contained in Property #6 ("Envelope formerly contain[ing] $4,919 in United States Currency . . . .") was forfeited through judicial forfeiture proceedings of the State of South Carolina. *See* Gov't Resp. at 2 n.2, ECF No. 620; S.C. Code Ann. § 44-53-520, *et seq*. Accordingly, this court has no jurisdiction over this "claim." Therefore, even if timely made, a claim for those funds is not viable in this court.

**CONCLUSION**

For these reasons, and for the reasons argued by the Government, Defendants' motions for return of property (ECF Nos. 596, 607,[3] 633) are **denied**, the Government's motion to require compliance with the PLRA (ECF No. 615) is **denied without prejudice**,[4] and the Government's motion for summary judgment (ECF No. 621) is **granted**. The Government's motion (contained in its summary judgment motion) for sanctions pursuant to 18 U.S.C. § 983(h)(1) is **denied without**

---

[3] Defendant filed a motion to supplement which this court granted by text order. *See* ECF Nos. 607 & 613. The motion to supplement contains a list of property in which Defendant sought to assert an interest. To the extent this motion is construed as a motion for return of property, it is denied.

[4] Defendant's motion to proceed *ifp* (ECF No. 628) is **dismissed as moot**.

5

**prejudice**.[5] Defendant is specifically advised that additional filings in this court regarding this issue may result in the imposition of sanctions under 18 U.S.C. § 983(h)(1) and/or Rule 11 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 20, 2015

---

[5] To the extent the Government seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure, a motion for sanctions under this Rule must be made separately.